# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:24-cr-0018 |
| ) | |
| **RAYNALDO OQUENDO,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

**BEFORE THE COURT** is the parties' Joint Motion to Continue Trial and Pretrial Deadlines. (ECF No.23). For the reasons stated herein, the Court will continue the trial in this matter until March 3, 2025. The Court finds that the time beginning from the date of this Order through March 3, 2025, shall be excluded in computing the time within which the trial in this matter must be initiated.

On August 7, 2024, a grand jury Indictment charged Raynaldo Oquendo ("Oquendo") with Count One, Wire Fraud Conspiracy in violation of 18 U.S.C. § 1349, and Count Two, Wire Fraud in violation of 18 U.S.C. § 1343. Oquendo was arraigned on November 25, 2024.

The parties seek a 60-day continuance of all pretrial deadlines and the trial date because the Government produced a large amount of discovery on December 16, 2024, and counsel requires additional time to review discovery and consult with Defendant on any potential pretrial motions. Additionally, the parties have entered plea discussions and require time to negotiate the potential plea agreement that would resolve the case outside of a trial.

While the Speedy Trial Act (the "Act") requires that defendants be tried within seventy days of indictment, the Act specifically excludes:

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

*United States v. Oquendo*
Case No. 3:24-cr-0018
Order
Page **2** of **3**

18 U.S.C. § 3161(h)(7)(A). Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted," including "to permit plea negotiations to continue." *United States v. Fields*, 39 F.3d 439, 444-45 (3d Cir. 1994).

Although the discovery deadline in this case expired on December 16, 2024, the parties failed to show good cause as to why they filed this motion after the deadline has passed. The Court finds that the ends of justice served by extending the period in which the trial must begin in this matter outweigh the best interest of the public and the defendant in a speedy trial. Here, an extension of time is necessary to allow sufficient time for Oquendo to consult with his attorney about any potential pretrial motions and to continue plea negotiations with the Government. The premises considered, it is hereby

**ORDERED** that the time beginning from the date of this order granting an extension through March 3, 2025, shall be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that the parties' Joint Motion to Continue Trial and Pretrial Deadlines, ECF No.23, is **GRANTED in part** and **DENIED in part**; it is further

**ORDERED** that any pretrial motion **SHALL** be filed no later than February 7, 2025; it is further

**ORDERED** that the parties **SHALL** file their respective notices of readiness for trial no later than February 21, 2025; it is further

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later than February 21, 2025, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; (e) proposed non-standard jury instructions related to the elements of the charges and defenses; and (f) whether there are any discovery issues outstanding; it is further

*United States v. Oquendo*
Case No. 3:24-cr-0018
Order
Page **3** of **3**

**ORDERED** that the parties **SHALL** provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than February 26, 2025;[1] and it is further

**ORDERED** that the Jury Selection and Trial in this matter previously scheduled for January 27, 2025, are **CONTINUED** to commence promptly at 9:00 A.M. on March 3, 2025, in St. Thomas Courtroom 1.

**Dated:** December 31, 2024               */s/ Robert A. Molloy*
                                            **ROBERT A. MOLLOY**
                                            **Chief Judge**

---

[1] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.